Date signed January 05, 2006



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| RIDDICK L. BOWE, 1st | : | Case No. 05-41735PM |
| | : | Chapter 11 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| JUDY HART | : | |
| f/k/a JUDY BOWE | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 05-9071PM |
| | : | |
| RIDDICK L. BOWE, 1st | : | |
| Defendant | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

**MEMORANDUM OF DECISION**

The Debtor filed this bankruptcy case under chapter 11 on October 15, 2005. Shortly afterward, he removed a civil action pending in the Circuit Court for Prince George's County, Maryland, entitled *Judy Bowe v. Riddick Lamont Bowe, Sr.*, Case No. CAD98-04026, to this court by Notice of Removal filed November 8, 2005. Plaintiff thereafter moved to remand the removed case to the Circuit Court. The Motion to Remand came before the court for hearing on December 15, 2005. For the reasons stated herein, the court will grant the Motion to Remand.

The Debtor/Defendant is a professional prize fighter said to be currently in training He schedules assets of $1,542,671.00 and liabilities of $3,879,572.83. His Schedule I and Schedule J, respectively, reflect no current income and no current expenditures. Despite the absence of income, Debtor is reported to have made all post-filing support payments required under a Circuit Court Consent Order dated October 27, 2003. The impetus for this Chapter 11 filing

appears to be the Third Motion for Contempt and to Enforce Agreement filed by the Plaintiff in the state court proceeding, wherein she alleged the Debtor failed to make child support payments for the months of March and April, 2005, and complained of the Debtor's failure to honor a court Order finding him in contempt and directing him to pay the Plaintiff $140,238.00 plus attorney's fees by February 27, 2005.  Plaintiff also sought an order of court incarcerating the Debtor until he purged himself of this alleged contempt.  Additionally, Plaintiff's motion sought enforcement of an agreement regarding college expense funds for the children of the parties.

Debtor opposes the Motion for Remand and urges that Plaintiff's prosecution of this action in the Circuit Court for Prince George's County after she had actual notice of the filing of this bankruptcy case was in violation of the automatic stay of 11 U.S.C. § 362(a).

Not all actions for the collection of child support filed after the initiation of a bankruptcy case constitute a violation of the automatic stay.  11 U.S.C. § 362(b)(2)(B) provides:

> (b) The filing of a petition under section 301, 302, or 303 of this title ... does not operate as a stay –
>   (2) under subsection (a) of this section –
>    (B) of the collection of alimony, maintenance, or support from property that is not property of the estate.

Thus, the stay does not apply to the collection of property that is not property of the estate, including post-filing earnings of the Debtor and property claimed as exempt by the Debtor.  In recognition of this possibility, Debtor's Schedule C filed on November 28, 2005, had the effect of temporarily waiving his claim of exemptions in order to take property that might normally have been claimed as exempt out of the reach of Plaintiff.  This is no sacrifice on Debtor's part, as Federal Rule of Bankruptcy Procedure 1009(a) generally allows amendment of schedules as a matter of course at any time.

The opposition to the Motion for Remand points out quite properly that matters concerning the allowance or disallowance of claims against the estate are core matters under 28 U.S.C. § 157(b)(2)(B).  Due to a change over earlier law, this court does have jurisdiction over this claim. Until the revision accomplished by § 304(c) of the Bankruptcy Reform Act of 1994, that added the pre-BAPCPA version of § 507(a) of the Bankruptcy Code providing a new priority for alimony, maintenance or support obligations, claims for past-due child support obligations could not be included in a Chapter 13 Plan, and inferentially a Chapter 11, Plan.  *See Caswell v. Lang*, 757 F.2d 608, 610 (CA4 1985).

The opposition argues that efforts to compel payment of these pre-petition debts by causing the incarceration of the Debtor will interfere with the efficient administration of this case under Chapter 11 and that this court is well-qualified to interpret Maryland law. Nonetheless, except where authorized by statute, the subject of domestic relations of husband and wife and parent and child is a matter involving the law of the individual states and not a component of federal jurisdiction. With respect to Debtor's assertion that Plaintiff has been violating the automatic stay of § 362(a), this court notes that bankruptcy courts have been warned to "tread very carefully when asked to impose sanctions for violation of the automatic stay where the actions underlying the violation involve alimony, maintenance, or support. In each case, the court should carefully sift through the facts, keeping in mind the purposes of the automatic stay provision as well as concerns of justice, comity, and judicial economy that support abstention in domestic relations cases." *Carver v. Carver*, 954 F.2d 1573, 1579-80 (CA11 1992). This is in harmony with the Fourth Circuit principle that it is appropriate for bankruptcy courts to defer to state courts with respect to domestic matters so as to avoid invasions into family law matters. *In re Robbins*, 964 F2d 342, 344-347 (CA4 1992). Under the facts presented in this case, there is no basis to depart from this general rule.

As stated above, the automatic stay does not bar actions by the Plaintiff to collect child support from a source that is not property of the estate. The court concludes that, out of concerns for judicial economy and comity, the Circuit Court for Prince George's County, Maryland is the proper court to consider the issues of contempt and to enforce the agreement regarding the children's college expense funds. However, unless modified, the stay of 11 U.S.C. § 362(a) remains in place as to property of the estate. But nothing prevents the Plaintiff from undertaking discovery to ascertain the source of Debtor's current funding.

An appropriate order will be entered.

cc:   Stephen B. Gerald, Esq., Seven St. Paul Street, Suite 1400, Baltimore, MD 21202
      Lawrence Roger Holzman, Esq., 6404 Ivy Lane, Suite 400, Greenbelt, MD 20770
      United States Trustee, 6305 Ivy Lane, #600, Greenbelt, MD 20770
      Clerk of the Circuit Court for Prince George's County, Maryland, Courthouse, 14735 Main Street, Upper Marlboro, MD 20772
      Judge Richard H. Sothoron, Jr., Circuit Court for Prince George's County, Courthouse, 14375 Main Street, Upper Marlboro, MD 20772

**End of Memorandum of Decision**